# Court of Appeals
## Tenth Appellate District of Texas

10-22-00391-CV

Gregory Moliere,
Appellant

v.

City of Buffalo, Jerrod Jones, Martin Lee Housler, Mike Glick, Wesley
Brent Reeder, Dianna Ryder, and Jerry Salazar,
Appellees

On appeal from the
278th District Court of Leon County, Texas
Judge Hal R. Ridley, presiding
Trial Court Cause No. 21-0294CV

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION ON REMAND

This cause is before us on remand after review by the Texas Supreme
Court. Pursuant to that Court's guidance, we now consider Gregory Moliere's
remaining allegation, in which he asserts the trial court's judgment was
erroneous because he was denied due process. We affirm the trial court's
judgment.

## BACKGROUND

Gregory Moliere was a police officer with the City of Buffalo. After a high-speed chase and car accident which occurred while a civilian was in his vehicle, Moliere was reprimanded by the City's police chief. About two weeks later, the city council terminated his employment. Moliere filed a declaratory judgment suit seeking a declaration that the City and Mayor Jerrod Jones lacked authority to terminate him.[1] The City and Jones filed a combined plea to the jurisdiction and motion for summary judgment asserting governmental immunity. The trial court granted the plea and motion and dismissed Moliere's claims with prejudice.

Moliere appealed the trial court's judgment to this Court, asserting in his first four issues that the City Council lacked the authority to terminate his employment, and in his fifth issue, that the City Council failed to follow its disciplinary procedures as set out in the City's and Police Department's manuals, and failed to implement statutory due process requirements. On original appeal to this Court, addressing the first four issues, we determined a fact question exists as to whether the City Council had the authority to terminate Moliere's employment and, thus, was entitled to governmental immunity. On September 28, 2023, this Court issued an opinion and judgment

---

[1] Moliere also named individual city council members as defendants, but they were not served. They were dismissed from the case and are not parties to this appeal.

reversing the trial court's judgment and remanding to that court for further proceedings. *See Moliere v. City of Buffalo*, 702 S.W.3d 550 (Tex. App.—Waco 2023), *rev'd*, 703 S.W.3d 350 (Tex. 2024).

The City and Jones filed a petition for review in the Texas Supreme Court. That Court held that the question of whether the City's governing body had authority to fire Moliere is a question of law which it answered in favor of the City Council. The supreme court reversed this Court's judgment and reinstated the trial court's judgment dismissing Moliere's claims against all defendants to the extent those claims are based on an alleged lack of authority to fire Moliere. The supreme court then remanded this case to this Court for further proceedings with respect to Moliere's due process claim. *See City of Buffalo v. Moliere*, 703 S.W.3d 350, 355 (Tex. 2024).

## DUE PROCESS

In two issues on remand, Moliere asserts that, prior to his termination, he did not receive the due process he was entitled to. He relies on Texas Government Code Sections 614.021, 614.022, and 614.023, as well as the due process requirements set forth in the City's Employee Manual and the Buffalo Police Department's Policy and Procedure Manual. Although not articulated, Moliere apparently contends the trial court erred in granting the plea to the jurisdiction and motion for summary judgment because the City Council's

failure to comply with the statute and City procedures constitute ultra vires acts resulting in waiver of the City's and Jones's immunity to suit.

**Standard of Review**

A governmental unit may raise the affirmative defense of sovereign immunity or governmental immunity and challenge the trial court's jurisdiction "through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). We review the trial court's ruling on a plea to the jurisdiction and a motion for summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006).

Our review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a motion for summary judgment. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. *Id.* at 226. "[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Further, a court may consider evidence as necessary to resolve a dispute over

the jurisdictional facts even if the evidence "implicates both the subject matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226.

We take as true all evidence favorable to the non-movant and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.* at 228. If the governmental unit meets its burden to establish that the trial court lacks jurisdiction, the non-movant is then required to show that there is a material fact issue regarding the jurisdictional issue. *Id.* at 227-28. If the evidence raises a fact issue about jurisdiction, the plea to the jurisdiction cannot be granted, and a factfinder must resolve the issue. *Id.* However, if the evidence is undisputed or fails to raise a fact issue, the plea to the jurisdiction must be determined as a matter of law. *Id.* at 228.

**Governmental Immunity**

Sovereign immunity protects the State from being sued, and from liability for money damages, unless the immunity has been waived. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70 (Tex. 2009). As an extension of sovereign immunity, governmental immunity protects municipalities from suit based on the performance of a governmental function as the State's agent. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 741 (Tex. 2019). Absent a waiver of sovereign immunity, a governmental entity

cannot be sued for its performance of a governmental function. *See id.* at 746. Governmental officials sued in their official capacities generally have the same immunity as their employer. *See Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011). Public employees may assert official immunity "from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority." *Id.* at 383. Additionally, official immunity is an affirmative defense protecting public officials from individual liability. *See Heinrich*, 284 S.W.3d at 380.

**Ultra Vires Exception**

Governmental immunity does not bar claims alleging a government officer acted ultra vires, that is, that he exceeded the bounds of his granted authority or his acts conflict with the law itself. *See Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016); *Heinrich*, 284 S.W.3d at 372. Thus, governmental immunity does not bar a suit that seeks to bring local government officials into compliance with state law. *State v. Hollins*, 620 S.W.3d 400, 410 (Tex. 2020) (per curiam). To defeat a plea to the jurisdiction, the plaintiff must allege facts affirmatively demonstrating actionable ultra vires conduct by governmental officials in order to avoid dismissal on jurisdictional grounds due to sovereign immunity. *See Chambers—Liberty Ctys. Navigational Dist. v. State*, 575 S.W.3d 339, 349 (Tex.

2019).  As a technical matter, the governmental entity, as opposed to its officers in their official capacity, remains immune from suit.  *Heinrich*, 284 S.W.3d at 372-73.

**Analysis**

Moliere asserts his due process rights were violated because, pursuant to the City's employee manual, Police Department policy and Procedures Manual, and Chapter 614 of the Texas Government Code, he was entitled to, but did not receive, an investigation, the right to appeal, and the right to present mitigating facts.  This is an assertion that the City and Mayor Jones failed to comply with statutory provisions, an ultra vires claim.  *See Heinrich*, 284 S.W.3d at 372.

*Claim Against the City*

Moliere's ultra vires claim cannot proceed against the City itself.  An ultra vires claim may name a government official in his official capacity, but the underlying governmental entity remains immune from suit.  *Chambers— Liberty Ctys. Navigational Dist.*, 575 S.W.3d at 348; *Heinrich*, 284 S.W.3d at 372-73.  Thus, immunity bars Moliere's due process claim against the City, and the trial court correctly granted the plea to the jurisdiction and motion for summary judgment as to the City.  *See Heinrich*, 284 S.W.3d at 373.

*Claim Against Mayor Jones*

Moliere sued the Mayor in his official and individual capacities. We now consider whether Moliere has pleaded a cognizable ultra vires claim; that is, whether his allegations establish that Jones[2] and the City Council acted beyond their lawful authority by failing to provide the requisite due process before terminating his employment. *See Chambers—Liberty Ctys. Navigational Dist.*, 575 S.W.3d at 349. Specifically, Moliere claims he was deprived of an investigation, the right to appeal, and the right to present mitigating facts.

The police department policy and procedures manual provides that the police chief can terminate an employee, subject to appeal and approval by the City Council. It also provides that disciplinary actions involving potential monetary loss by the employee shall only be assessed subsequent to a formal internal investigation and subsequent to the affected employee being given an opportunity to provide any mitigating information. Further, employees may file an appeal and grievances in accordance with the City's personnel policies and procedures. Finally, it provides that employees may appeal disciplinary actions of the Chief of Police to the Mayor.

---

[2] *See* TEX. LOC. GOV'T CODE ANN. § 22.031(b) (In a Type A general law municipality that is not divided into wards, the city council consists of the mayor and five councilmen.).

The government code provides that disciplinary action may not be taken against a police officer employed by a political subdivision of this state unless he is given a signed copy of a written complaint filed against him within a reasonable time after the complaint is filed. *See* TEX. GOV'T CODE ANN. §§ 614.021-.023. Additionally, the officer may not be terminated from employment based on the subject matter of the complaint unless the complaint is investigated and there is evidence to prove the allegation of misconduct. *Id*. § 614.023(c).

The City and Jones assert that Sections 614.021 through 614.023 do not apply here because Moliere was an at-will employee. We disagree. Where an at-will employee is terminated for cause that derives from allegations in a complaint of misconduct, as here, the employer must comply with Chapter 614. *See Colorado Cty. v. Staff*, 510 S.W.3d 435, 446 (Tex. 2017). We now consider whether the city council and Jones complied with their policies and the statute.

In the letter of reprimand sent to Moliere, signed by Chief Pavelka, Buffalo's former Chief of Police, the Chief detailed the incident leading to the reprimand:

> You were involved in a high-speed chase with a ride along and you were told not to perform any high-speed chases with a ride along. You chased a vehicle from I-45 MM 170 to Centerville, TX exit 164 and ending up involved in a motor vehicle crash.

> You violated the Buffalo Policy by proceeding a high-speed chase for a minor infraction (i.e. a traffic violation)[.]

As evidence in support of his response to the plea to the jurisdiction and motion for summary judgment, Moliere included an affidavit signed by Chief Pavelka. In his affidavit, the Chief stated that he met with Moliere in the early morning hours of December 8, 2020, the same day as the accident. He explained that he reviewed the accident damage, Moliere's explanation of the events, and relevant policy issues. "Upon careful consideration of the facts," he decided to issue Moliere a written reprimand. He then called Mayor Jones and discussed the accident.

The record shows that Moliere reported the incident to the Chief, thus participating in the investigation, at which time he had the opportunity to present mitigating facts, and Chief Pavelka investigated the incident. The Chief consulted with Mayor Jones, in accordance with the policy manual's provision that employees may appeal disciplinary actions of the Chief of Police to the Mayor. Chief Pavelka's written, signed letter of reprimand constitutes a complaint for purposes of Chapter 614. *See Treadway v. Holder,* 309 S.W.3d 780, 784-85 (Tex. App.—Austin 2010, pet. denied). Although Moliere chose not to appeal to the City Council, the Council was within its rights to review the disciplinary action taken by Chief Pavelka. *See City of Buffalo*, 703 S.W.3d at

354.  According to the minutes of the December 21, 2020 council meeting at which Moliere was terminated, Moliere and his attorney were in attendance. The minutes note that, after reconvening into regular session, "Goodwin, Moliere attorney, expressed concern of liability issues due to dismissing officer. Goodwin challenged the Councils (sic) authority to fire the officer."

We conclude that the City and Mayor complied with the statutory and constitutional provisions complained-of, and Moliere received all the due process required by the City's manuals and government code Chapter 614. Moliere's termination was not outside the City Council's authority or in conflict with the law. *See Chambers—Liberty Ctys. Navigational Dist.*, 575 S.W.3d at 344-45. Accordingly, Moliere did not state a valid ultra vires claim and has not shown that immunity was waived. *Id.* at 349*; Staff*, 510 S.W.3d at 454-55. The Mayor is protected both individually and in his official capacity, and the trial court did not err in granting the plea to the jurisdiction and motion for summary judgment. *Heinrich*, 284 S.W.3d at 372, 380. We overrule Moliere's issues on remand.

## CONCLUSION

As determined by the Texas Supreme Court, the City had authority to terminate Moliere. *See City of Buffalo*, 703 S.W.3d at 354. Further, Moliere

did not allege a valid due process claim and governmental immunity was not waived.

We affirm the trial court's judgment.[3]



_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  May 29, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris[4]
Affirmed
CV06

---

[3] All pending motions are dismissed as moot.

[4] Former Chief Justice Tom Gray, a member of the panel that originally heard this appeal, retired December 31, 2024.  Justice Lee Harris was appointed to this Court in January 2025.  Justice Harris has reviewed the briefs and record before the Court.